Seymour LANDAU, and all others simi-
larly situated, Plaintiff-Appellant,

v.

The CHASE MANHATTAN BANK,
N. A., Defendant-Appellee.

No. 888, Docket 76–7590.

United States Court of Appeals,
Second Circuit.

Argued April 27, 1977.

Decided June 3, 1977.

Sheldon V. Burman, New York City, for plaintiff-appellant.

Norman Nelson, New York City, for defendant-appellee.

Before MANSFIELD, Circuit Judge, and SMITH * and PALMIERI,** District Judges.

* Chief Judge of the United States District Court for the District of Montana, sitting by designation.

PER CURIAM:

Plaintiff, appellant here, brought a class action against The Chase Manhattan Bank (Bank), appellee. The action involved, as to each member of the class, relatively small amounts of interest which the Bank had charged. The action was ultimately settled and each member of the class was awarded 35 cents. The aggregate of all awards was approximately $25,000.00. Injunctive relief was granted. The settlement stipulation contained a paragraph reading:

> Chase agrees to pay, subject to the approval of the Court, an attorney's fee to Sheldon V. Burman, Esq., attorney for plaintiff and the Class, in such amount as shall be allowed by the Court in order that the Authorized Recipients may obtain the aforesaid credit to their accounts without being required to contribute, as would be normal, a pro-rata share from the fund so created as attorney's fees and expenses.

Plaintiff applied to the district court for attorney's fee in the amount of $132,112.50 and supported the claim with affidavits. The court commented on the size of the recovery and awarded $12,500.00. This appeal followed.

The stipulation is the only basis for any award of attorney's fees in this case. It is evident from the stipulation that the parties had in mind the common fund doctrine (*Sprague v. Ticonic National Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Trustees v. Greenough*, 105 U.S. 527, 26 L.Ed. 1157 (1881)), and we interpret the stipulation to mean that the fee to be awarded would be in an amount equivalent to that which would have been awarded had the court charged attorney's fees to the common fund. Upon the plaintiff's application for award of counsel fees, the proper procedure was for the district court, after

** Of the United States District Court for the Southern District of New York, sitting by designation.

weighing the relevant evidence provided by the parties in accordance with the factors and guidelines outlined by us in *City of Detroit v. Grinnell*, 495 F.2d 448 (2d Cir. 1974); *see also Lindy Bros. Builders, Inc. v. American Radiator*, 487 F.2d 161 (3d Cir. 1973), to make its findings and award accordingly. However, we find it unnecessary to remand this case to the district court for such a determination since it is readily apparent from the record (including the limited fund created) that under the circumstances of this case the award of $12,500.00 constituted fair and reasonable compensation according to these established standards and was not an abuse of discretion on the part of the district court.

In the view we take of the matter, what would have been reasonable under other circumstances is not relevant, and there is no need to examine other assigned errors. Accordingly the award of the district court is affirmed.